# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7800 | **DATE** | 8/27/2010 |
| **CASE TITLE** | Mary Woods vs. Von Maur, Inc. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to compel [12] is granted in part and denied in part. The parties are reminded of the District Court's fact discovery deadline of 9/30/2010. [11]. Defendant must produce all information and documents ordered in this ruling by 9/13/10. Status hearing set before Magistrate Judge Mason for 9/15/10 at 9:00 a.m. See below for further detail.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

This is an employment discrimination and retaliation case. In her complaint, plaintiff states that she was a part-time sales associate at defendant Von Maur's Glenview location (the "Glenview store") from August 2003 until July 2008. Plaintiff claims that defendant discriminated against her and then, after she complained, fired her in retaliation. Specifically, plaintiff alleges that defendant refused to consider her for the position of buyer at the time she was hired, and a number of times thereafter because of her race. Defendant's position is that it terminated plaintiff for violations of defendant's price adjustment policy for employees. Plaintiff denies violating any of defendant's employee purchase policies, and also contends that white employees who violated those policies were not fired.

In her motion to compel, plaintiff requests that this Court order defendant to fully respond to Interrogatory Nos. 1, 5, 6, and 13 and Document Request Nos. 16, 19, 20, 24, 25, 26, and 27. Plaintiff also seeks an order requiring defendant to produce the supplemental materials it agreed to produce as a result of the parties' prior discussions. Plaintiff's discovery requests at issue can be broken into four categories: (1) production of information regarding employees of the Glenview store; (2) production of information and documents regarding employees who engaged in conduct similar to plaintiff's alleged conduct; (3) production of information and documents regarding other complaints of race discrimination and retaliation; and (4) production of personnel files. Plaintiff argues that defendant's refusal to produce the requested information unfairly limits her ability to prove her claims of differential treatment and pretext. In general, defendant argues that plaintiff's requests are irrelevant, overly broad and unduly burdensome. We review each category in turn.

I.   **Information regarding Employees of the Glenview Store**

In Interrogatory No. 1, plaintiff seeks information regarding employees of the Glenview store.

| STATEMENT |
|---|

Specifically, plaintiff asks defendant to identify all employees of the Glenview store and to provide their race, position, contact information, dates of employment, and reason for separation. Plaintiff seeks this information for those employed from 2003 through 2008, the time period of her employment with defendant. Plaintiff argues that this information should be produced because it is relevant to her claims, as it could lead to the identification of witnesses or similarly situated employees. She also requests this information to determine the racial make-up of the store during her employment, and to assist in determining whether African Americans were treated less favorably with respect to termination decisions.

Defendant objects to this interrogatory as irrelevant, immaterial, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In its response, defendant states that it has already provided plaintiff with the names and contact information of witnesses that the defendant has determined have discoverable information in this case or are similarly situated. Defendant argues that the identities of other Glenview store employees, which would include employees who worked in different departments from plaintiff and years before the events leading up to plaintiff's discharge, are "completely irrelevant and are not necessary for plaintiff to determine witnesses." We disagree.

Federal Rule of Civil Procedure 26(b)(1) provides for broad discovery: "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party…. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." We find that the information sought in Interrogatory No. 1 is relevant to the claims and defenses in this case.

We also find that plaintiff's request is not overly broad as she has limited it to the years in which she was employed by defendant and to employees who worked at the Glenview store location. *See Glover v. Bd. of Educ.*, No. 02 C 50143, 2004 WL 785270 at *3 (N.D. Ill. Apr. 9, 2004) (ordering defendant to produce information regarding the termination of other employees for five years prior to plaintiff's termination); *Leibforth v. Belvidere Nat'l Bank*, No. 99 C 50381, 2001 WL 649596 at *3 (N.D. Ill. June 8, 2001) (noting that plaintiffs generally are entitled to discovery extending back to five years preceding the alleged discriminatory conduct).

Next, defendant argues that responding to Interrogatory No. 1 would be unduly burdensome. Federal Rule of Civil Procedure 26(b)(2)(C)(iii) allows a court to limit discovery that otherwise would be permissible under Rule 26(b)(1) after a showing that the burden or expense associated with producing the information outweighs the likely benefit to the requesting party in obtaining the discovery. Plaintiff argues, based on another case involving defendant, that the requested information would be "easily accessible." Defendant denies this assertion in its response and expounds on its burdensome objection by stating that responding to Interrogatory No. 1 "would require manually examining payroll records for each pay period and then reviewing each and every personnel file by hand." Defendant does not argue that it is unable to collect this information, but states that it would take "more than 260 hours of work to perform..." and would require a special computer program to be written by a Von Maur information technology employee. In addition, defendant argues that it would need to question store managers regarding each employee's race because it does not keep this information in its payroll computer system.

Defendant has failed to make any showing of burden or expense that persuades the Court to deprive plaintiff of the requested discovery. *See Craig v. Exxon Corp.*, No. 97 C 8936, 1998 WL 850812 at *3 (N.D. Ill. Dec. 2, 1998) ("[t]he mere fact that an objecting party 'will be required to expend a considerable amount of time, effort, or expense in answering the interrogatories is not a sufficient reason to preclude discovery.'") (*citing Schaap v. Executive Indus. Inc.*, 130 F.R.D. 384, 387 (N.D. Ill.1990)). Therefore, plaintiff's motion

regarding Interrogatory No. 1 is granted and defendant is ordered to produce the responsive information by 9/13/10.

**II.     Information and Documents regarding Employees Who Engaged in        Conduct Similar         to Plaintiff's Alleged Conduct**

Next, plaintiff seeks information and documents responsive to her Interrogatory Nos. 5 and 6 and Document Request Nos. 19 and 20. In these discovery requests, plaintiff seeks information regarding other employees who violated defendant's employee price adjustment policies. Plaintiff argues that defendant should be ordered to respond to these requests because the information sought is relevant as to how defendant treated other employees who violated the same policy plaintiff is accused of violating. Plaintiff has revised her original requests and limited them to those employees who violated a price adjustment policy and were supervised by Amy Rotert. Ms. Rotert is the Regional Director of Stores and was one of the decision-makers in plaintiff's termination. Plaintiff argues that she is entitled to information regarding all employees who violated the employee price adjustment policies in Ms. Rotert's region. Ms. Rotert's region includes four stores in addition to the Glenview store.

Defendant argues that the scope of this request should be limited to employees who violated the price adjustment policies at the Glenview store and refuses to produce information regarding individuals from other stores in Ms. Rotert's region. Defendant states that it has provided or will provide the identities and relevant documentation of current and former Glenview store employees who were disciplined or discharged for violations of defendant's price adjustment policy for the years from 2005 to the present. Defendant argues that it should not be ordered to produce any additional information because the information it has already supplied "will sufficiently provide Plaintiff with identities of employees who were even arguably similarly situated to plaintiff." Defendant expounds that the four other stores in Ms. Rotert's region have different supervisors and decision-makers than the Glenview store. Defendant explains that "Ms. Rotert's role in employee terminations was simply to approve the termination decision of the individual store manager." Defendant adds that Ms. Rotert's approvals of terminations were "not part of a company-wide reduction in force." However, defendant is silent on the issue of the requirement of Ms. Rotert's approval in terminating or if her decision could be reversed by a decision-maker at the store level.

Despite recognizing that Ms. Rotert approved the termination decision of plaintiff and others in her region, defendant argues that information regarding individuals in stores other than the Glenview store are not relevant because they had different decision-maker store managers. Plaintiff argues that discovery in this matter should be broader than her work unit and should include information pertaining to all of Ms. Rotert's relevant termination decisions.

If an employer makes an employment decision locally, a court may properly limit discovery to the plaintiff's local work unit. However, if a plaintiff can establish that the employment decision was made by someone outside of her work unit, then she is entitled to broader discovery. *Byers v. Illinois State Police, et al.*, No. 99 C 8105, 2002 WL 1264004 at *6 (N.D. Ill. June 3, 2002) (*citing Kitchen v. Dial Page, Inc.*, No. 94 cv 215, 1995 WL 224547, at *3-4 (E.D. Tenn. Feb. 27, 1995) (plaintiff entitled to broader discovery where decision to terminate plaintiff made jointly by district manager and human resources manager at defendant's home office). In support of her position seeking broader discovery, plaintiff cites *Finch v. Hercules, Inc.*, 149 F.R.D. 60, 64 (D. Del. 1993). Defendant claims *Finch* is distinguishable. We disagree.

In *Finch*, the plaintiff, in an age discrimination employment case sought information from several of

the corporate defendant's locations through discovery. There, the decision to terminate plaintiff involved a two-step process – an initial decision by the work unit and then approval of the termination by a committee. The Court in *Finch* found that the alleged discrimination could have occurred when the individual work unit proposed names, or when the Committee exercised its approval power. *Id.* Therefore, the Court allowed the plaintiff discovery beyond his work unit, holding that "the existence of a body outside the plaintiff's work unit which had approval power over his termination precludes a limitation of discovery to the individual work unit." *Id.*

We find a similar situation in the case at hand. Based on the information presented by the parties, the Glenview store manager made the decision to terminate plaintiff and Ms. Rotert exercised her right of approval. Therefore, this portion of plaintiff's motion to compel is granted and defendant is ordered to provide information and documents regarding employees in Ms. Rotert's region who were disciplined or discharged for violating defendant's employee purchase policies, including the price adjustment policy, in response to Interrogatory Nos. 5 and 6 and Document Request Nos. 19 and 20 by 9/13/10.

### III. Information and Documents regarding Other Complaints of Race Discrimination and Retaliation

In Interrogatory No. 13 and Document Request Nos. 24-27, plaintiff seeks information and documents regarding employee and customer complaints of race discrimination or retaliation against defendant. Plaintiff has narrowed her original requests seeking information on a company-wide basis, and now seeks information for the five stores in Ms. Rotert's region. Defendant again objects to providing any information beyond the Glenview store.

Plaintiff argues that she is entitled to learn whether other African Americans working or shopping in the same region experienced discrimination, and if they complained, how those complaints were handled. To resolve this issue, we employ the same analysis as above regarding the scope of those potentially similarly situated to plaintiff. Since Ms. Rotert exercised her right of approval in the termination process of plaintiff, discovery relating to other employees and customer complaints in Ms. Rotert's region are discoverable. Therefore, defendant is to produce such information and documents responsive to Interrogatory No. 13 and Document Request Nos. 24-27 for all five stores in Ms. Rotert's region to plaintiff by 9/13/10.

### IV. Personnel Files

Finally, plaintiff seeks documents responsive to her Document Request No. 16. The parties have resolved some of their disputes with regard to this request. The outstanding issues involve personnel files for various employees including: 1) plaintiff's last supervisor, Gwen Ivory, and Regional Director of Stores, Ms. Rotert; 2) two African American buyers employed by defendant; 3) employees in Ms. Rotert's region other than at the Glenview store who allegedly violated defendant's employee purchase policies; and 4) employees in Ms. Rotert's region other than at the Glenview store who complained about race discrimination or retaliation.

First, with regard to Ms. Ivory and Ms. Rotert, plaintiff argues that the personnel files of her last supervisor and the manager who approved her termination are reasonably likely to lead to relevant evidence regarding motive, bias, pre-text and the decision-making process. In its response, defendant states that it "will agree to produce any information in Ms. Ivory's or Ms. Rotert's personnel files that relate to plaintiff, any other Glenview employee who violated Von Maur's employee purchase policies from 2005 to present,

| STATEMENT |
|---|

and any information regarding complaints of race discrimination and/or retaliation that relate to Ms. Ivory or Ms. Rotert." Defendant objects to providing the remainder of Ms. Ivory's and Ms. Rotert's personnel files. Plaintiff requests the complete personnel file of Ms. Ivory and Ms. Rotert, including their performance reviews and any documents regarding whether they were ever disciplined or reprimanded. Plaintiff claims this information is relevant to their conduct as supervisors and their actions or any circumstances that could give rise to bias or motive.

In addition, defendant raises an objection to producing the confidential information in these personnel files. Defendant explains that Ms. Ivory and Ms. Rotert's personnel files contain "confidential and personal information, such as emergency contact information, financial institution information, and social security information." We do not see how any of this confidential information is relevant. Therefore, plaintiff's request that defendant produce Ms. Ivory and Ms. Rotert's entire personnel files is denied. However, defendant is to produce the documents from Ms. Ivory and Ms. Rotert's personnel files it previously agreed to produce and any performance reviews and/or any documents regarding whether Ms. Ivory and Ms. Rotert were ever disciplined or reprimanded. *Allen v. City of Chicago*, No. 09 C 243, 2010 WL 118372 at *3 (N.D. Ill. Jan. 8, 2010) (granting plaintiff's request for documents related to past complaints made against her supervisors and resulting reprimand or disciplinary action).

The parties indicate in their briefing of plaintiff's motion to compel, regarding this issue, that they agreed to enter into a protective order regarding, at a minimum, the confidential information in certain personnel files. However, there is no record of the protective order in the docket. Therefore, the parties have been ordered to submit their joint agreed protective order to Judge Mason's proposed order email address by 8/31/10. [25].

Second, plaintiff seeks the personnel files of two African American buyers employed by defendant. Plaintiff asserts that those individuals are the only African American buyers that defendant has ever employed. Plaintiff claims their personnel files are relevant to whether African Americans were held to higher standards before they were allowed to become buyers and/or whether they were treated less favorably when they finally reached this position. Defendant argues that the information plaintiff claims she is seeking from these files, the employees' pay, disciplinary actions, qualifications, career paths, and any complaints of discriminatory treatment, are not relevant to her claim that she was not made a buyer because she is African American. Neither party cites any authority in support of their position regarding this issue.

We conclude that the defendants must produce the personnel files for the two African American buyers. "To establish a prima facie case for a failure-to-promote claim, a plaintiff must establish that she had the same or better qualifications tha[n] the individual who was actually promoted." *Byers v. Illinois State Police*, No. 99 C 8105, 2002 WL 1264004 at *16 (N.D. Ill. June 03, 2002). In order to compare plaintiff's qualifications to the individuals holding the buyer position, the plaintiff requires documents relating to the qualifications of these individuals. Therefore, defendant is to produce the personnel files of the two African American buyers employed by defendant. However, defendant is not required to produce the confidential and personal information as detailed above.

Third and fourth, plaintiff seeks the personnel files for the employees identified in response to Interrogatory Nos. 5 and 6 – those who allegedly violated defendant's employee purchase policy, as well as those who have claimed discrimination and/or retaliation. Defendant has agreed to produce the files for such employees who worked in the Glenview store, but objects to producing files for all such employees in Ms. Rotert's region who violated these policies. For the same reasons discussed above regarding the scope of

| STATEMENT |
|---|
| those potentially similarly situated to plaintiff, plaintiff's motion is granted and these personnel files are to be produced after the parties' agreed protective order is entered.<br><br> The parties are reminded of the District Court's discovery deadline of 9/30/2010. [11]. Defendant must produce all information and documents ordered in this ruling by 9/13/10. Status hearing set before Magistrate Judge Mason for 9/15/10 at 9:00 a.m. |