IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARY WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 09 C 7800 |
| | ) | |
| v. | ) | Judge Kendall |
| | ) | |
| VON MAUR, INC., | ) | Magistrate Judge Mason |
| | ) | |
| Defendant. | ) | Jury Trial Demanded |
| | ) | |

**PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT
INCLUDING PREJUDMENT INTEREST, REINSTATMENT
OR FRONT PAY, AND ATTORNEYS' FEES AND COSTS**

Plaintiff, Mary Woods, by her attorneys, Pedersen & Weinstein LLP, respectfully submits this motion for entry of judgment, including prejudgment interest, reinstatement or front pay, and attorneys' fees and costs.

**I.    Introduction**

On November 21, 2011, a jury entered a verdict in this case involving race discrimination under 42 U.S.C. §2000e et seq. ("Title VII") and 42 U.S.C. §1981 ("Section 1981") and retaliation under Section 1981. The jury found in favor of Plaintiff on her claim for retaliation and in favor of Defendant on Plaintiff's claim of race discrimination. In an advisory opinion on lost wages and benefits, the jury awarded Plaintiff $46,015.00 and found that Plaintiff had received $800.00 from subsequent employment. The jury also found that Plaintiff failed to mitigate her damages with respect to her lost wages and benefits and found that the amount of damages Plaintiff failed to mitigate was $35,107. Plaintiff has filed a separate motion seeking judgment as a matter of law, or in the alterative a new trial, on Defendant's affirmative defense of failure to mitigate damages because Defendant offered no evidence in support of the elements

on which it bears the burden of proof, namely, that Plaintiff was not reasonably diligent in seeking other employment or that with the exercise of reasonable diligence, she might have found comparable employment. *See Wheeler v. Snyder Buick*, 794 F.2d 1228, 1234 (7th Cir. 1986); *EEOC v. Gurnee Inn Corp.*, 914 F.2d 815, 818 (7th Cir. 1990). Plaintiff now moves the Court to enter a final order awarding Plaintiff the full amount of her back pay as determined by the jury, $45,215.00 ($46,015.00 less $800.00 Plaintiff earned from subsequent employment), as well as prejudgment interest, equitable relief in the form of reinstatement or front pay, plus attorneys' fees as determined by Federal Rule of Civil Procedure 54(d)(2) and Local Rule 54.3 and costs as determined by Federal Rule 54(d)(1) and Local Rule 54.1.

## II.     Back Pay

As this Court previously has held, in Section 1981 cases, back pay is assumed to be appropriate in order to make the plaintiff whole. *Scott v. Peterson*, 2010 U.S. Dist. LEXIS 81387, at *5 (N.D. Ill. Aug. 11, 2010)(citations omitted). Proper calculations of back pay represent the wages the plaintiff would have earned but for the adverse employment decision, less the amount of mitigating wages earned during that time. *Id.*

In this case, Plaintiff presented evidence of what she would have earned had Defendant not fired her as well as the amount of mitigating wages she earned after she was fired. More specifically, Plaintiff presented her W-2 forms from Defendant for 2007 and 2008 as well as a summary of the total hours she worked and total wages she earned throughout her tenure with Defendant. (See Plaintiff's Trial Exhibits 5 and 19, attached as <u>Exhibit 1</u>) Plaintiff also presented her W-2 from Homegoods, which showed her earnings in 2009 (See Joint Trial Exhibit 10, attached as <u>Exhibit 2</u>). Based on this information, Plaintiff estimated that her lost earnings since Defendant fired her in July 2008 were $45,000 and consistent with this evidence, the jury

awarded back pay of $45,215.00 ($46,015.00 less $800.00 Plaintiff earned from subsequent employment). Plaintiff now moves the Court to enter a final order awarding Plaintiff back pay in the amount of $45,215.00.

## III.     Interest

In addition to back pay, Plaintiff seeks prejudgment interest, which is also presumed to be appropriate under Section 1981. *Scott*, 2010 U.S. Dist. LEXIS at *6; *Williamson v. Handy Button Mach. Co.,* 817 F.2d 1290, 1298 (7th Cir. 1987)("Prejudgment interest therefore must be an ordinary part of any award for back pay … under § 1981). Because prejudgment interest is an element of complete compensation, "compound prejudgment interest is the norm in federal litigation." *Am. Nat'l Fire Ins. Co. v. Yellow Freight Sys. Inc.*, 325 F.3d 924, 937-38 (7th Cir. 2003); *see also Gorenstein Enters., Inc. v. Quality Care U.S.A., Inc.*, 874 F.2d 431, 436 (7th Cir. 1989)(compound, rather than simple, interest is proper).

Further, back pay interest should be calculated by compounding monthly the prime rate set by the Federal Reserve during the month in which interest is sought. *See Ryl-Kuchar v. Care Centers, Inc.*, 564 F. Supp. 2d 817, 829 (N.D. Ill. 2008) *aff'd*, 565 F.3d 1027 (7th Cir. 2009) (finding that basing calculations on the monthly prime rate set by the Federal Reserve during the months for which plaintiff seeks interest is acceptable methodology); *see also Rasic v. City of Northlake*, 2010 U.S. Dist. LEXIS 86815 at * 35 (N.D. Ill. Aug. 24, 2010)("we agree with plaintiff that the compounding should be done on a monthly, and not an annual, basis"). In *Rasic,* the court explained that where a claim is made for ongoing lost wages, prior to judgment, the amount of lost wages increases with every missed pay check. In that situation, the court held compounding interest on a monthly basis is a more accurate way to fully compensate a plaintiff for the time value of an increasing amount of lost wages. *Id.* at *36.

As the courts in *Ryl-Kuchar* and *Rasic* held, prejudgment interest in this case should be compounded monthly at the prevailing prime rate. Accordingly, Plaintiff is entitled to $5,599.23 in interest from July 13, 2008 (the day after Von Maur fired Plaintiff) through December 13, 2011. A spreadsheet detailing Plaintiff's calculations is attached as Exhibit 3.[1]

## IV. Reinstatement

Section 1981 allows for the reinstatement of an employee as an equitable remedy. *Davis v. Integrated Sys. Solutions Corps.,* 2003 U.S. Dist. LEXIS 5092, *9 (N.D. Ill. Mar. 31, 2003) (*citing Williams v. Pharmacia, Inc.,* 137 F.3d 944 (7th Cir. 1998)). When reinstatement is unavailable or inappropriate, front pay is a plaintiff's proper substitute remedy. *Id.* In deciding whether reinstatement is appropriate, a court may consider factors such as "hostility in the employment relationship and the lack of an available position to which to reinstate the plaintiff." *Downes v. Volkswagen of America, Inc.,* 41 F.3d 1132, 1141 (7th Cir. 1994).

In this case, Plaintiff seeks reinstatement of her employment as a part-time sales associate at Defendant's Glenview, Illinois store, where she worked from September 2003 until she was unlawfully fired in July 2008. Implicit in the jury's verdict that Defendant retaliated against Plaintiff for complaining about Defendant's discrimination against black customers is the finding that termination of Plaintiff's employment was not warranted. Moreover, during trial the evidence showed that Plaintiff was a good employee who consistently received positive monthly

---

[1] Plaintiff first determined the federal funds rate for the time period in question and added three points to this rate to get the prime rate. Then, based on historic federal funds rate figures reported by the Federal Reserve (attached as Exhibit 4 and reported at www.newyorkfed.org/markets/statistics/dlyrates/fedrate.html), Plaintiff used the number of days that a given interest rate prevailed to calculate a weighted average annual prime rate. Plaintiff then divided the weighted average annual prime rate by 12 to get a monthly rate. The monthly rate was multiplied by the total back pay that had accrued to give the month's lost interest. This lost interest was then compounded monthly, becoming part of the principle of accrued total back pay to which the monthly rate was applied through December 13, 2011.

and annual performance reviews. Plaintiff was also recognized by customers for going above and beyond to help them and she received what Defendant calls heroics awards on several occasions. Plaintiff also testified about how much she enjoyed working for Von Maur, particularly given the pay and benefits Defendant offered, her life-long interest in fashion and the store's close proximity to North Shore University Health Systems, where Plaintiff has worked full time for almost ten years.

Plaintiff's request for reinstatement is reasonable and should be granted. Plaintiff worked for Defendant for nearly five years, consistently meeting the company's expectations and there is no evidence of current friction or on-going animus between the parties. Indeed, none of the managers who worked at the Glenview store at the time Plaintiff was fired (Elizabeth Jaggi, Katie Tucker and Michelle Neurath) still work for Defendant, diminishing any concern of ongoing hostility. The fact that Plaintiff filed suit against Defendant is not in and of itself sufficient to justify denying reinstatement. As the Seventh Circuit has explained, a court must be careful "not to allow an employer to use its anger or hostility toward the plaintiff for having filed a lawsuit as an excuse to avoid the plaintiff's reinstatement." *Bruso v. United Airlines, Inc.,* 239 F.3d 848, 862 (7th Cir. 2001). Further, "[I]f 'hostility common to litigation' would justify a denial of reinstatement, reinstatement would cease to be a remedy except in cases where the defendant felt like reinstating the plaintiff." *EEOC v. Century Broadcasting Corp.,* 957 F.2d 1446, 1462 (7th Cir. 1992). Finally, there is no evidence that Defendant has no available positions and any argument to the contrary would be unpersuasive given the high turnover rate for jobs in the retail industry.

For all of these reasons, Plaintiff respectfully requests the Court to order Defendant to reinstate Plaintiff to her position as a part-time sales associate at the Glenview store, and to award post-judgment back pay through the date of reinstatement, plus interest.

## V. Front Pay

Should the Court determine that reinstatement is not a practical remedy, the Seventh Circuit has held that front pay is properly awarded. *See McNeil v. Economics Lab., Inc.*, 800 F.2d 111 (7th Cir. 1986)("Where reinstatement is infeasible or inappropriate, front pay may be appropriate to make the plaintiff whole.") As this Court has explained, "The goal of a front pay award is to put the victim in the financial position he would have enjoyed but for the wrongful employment action, compensating him for the lost earnings from his former job for as long as he could be expected to have held it." *Scott*, 2010 U.S. Dist. LEXIS 81387 at *9 (citations omitted).

In deciding whether to award front pay, courts consider "whether the plaintiff has a reasonable prospect of obtaining comparable employment, whether the time period for the award is relatively short, whether the plaintiff intended to work or was physically capable of working and whether liquidated damages have been awarded." *Downes,* 41 F.3d at 1141. This Court has also explained that to provide complete relief, front pay may be awarded for a duration through which the plaintiff could have reasonably been expected to remain employed with the defendant. *Scott,* 2010 U.S. Dist. LEXIS 81387 at *10 (*citing Barbour v. Merrill*, 48 F.3d 1270, 1280 (D.C. Cir. 1995)(considerations in determining length of front pay include the previous length of employment and probability of future employment with the defendant employer)). In *Scott*, where the plaintiff had worked for the defendant for several years and had positive evaluations before he was fired, the Court concluded that the plaintiff's request for just under three years of front pay was reasonable and a short enough period that the plaintiff's earning capacity or

probability of continued employment during that time was not excessively speculative. *Scott*, 2010 U.S. Dist. LEXIS 81387, at *10-11.

Like the plaintiff in *Scott*, Plaintiff worked for Von Maur for several years, had positive evaluations before she was fired and has otherwise demonstrated her capacity for long-term employment though her almost ten-year employment with North Shore University Health Systems. Moreover, Plaintiff testified about her extensive job search and presented evidence of her difficulty in obtaining comparable employment since she was fired in July 2008. Despite her on-going efforts and willingness and ability to continue working two jobs, she has been unable to replace her income from Von Maur. Under these circumstances, Plaintiff seeks an award of front pay for a period of three years, totaling $40,910.49. This front pay award is based on Plaintiff's average annual earnings for the four full years she worked for Defendant (2004-2007), which was $13,636.83, as detailed in Plaintiff's Statement of Damages submitted with the parties' final pretrial order and attached hereto as Exhibit 5.[2]

## VI. Attorneys' Fees And Costs

In addition to the damages sought above, Plaintiff seeks attorneys' fees pursuant to 42 U.S.C. § 1988, which provides: "In any action or proceeding to enforce a provision of [42 U.S.C. § 1981] the court, in its discretion may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs …" While the court has discretion in awarding attorneys' fees, "fees should only be denied when special circumstances would render an award

---

[2] Because Plaintiff has not included any increases or upward adjustments to the present value of Plaintiff's wages sought, she has not applied a discount rate. *See Gusman v. Unisys Corp.*, 986 F.2d 1146, 1147 (7th Cir. 1993)(affirming district court's front pay award of $75,000 which was calculated simply by presuming 1 ½ years as front pay and $45,000 as the value of annual salary and benefits); *see also Wilson v. AM Gen. Corp.*, 979 F. Supp. 800, 804 (N.D. Ind. 1997)(finding no need to discount front pay award in light of the absence of any factor for inflation, merit pay increases, or bonuses).

unjust." *Scott*, 2010 U.S. Dist. LEXIS 81387, at *20 (*quoting Lenard v. Argento,* 699 F.2d 874, 899 (7th Cir. 1983)). Here, Plaintiff prevailed in her award of back pay, emotional distress damages and punitive damages. Accordingly, Plaintiff respectfully requests reasonable attorneys' fees and costs, which will be detailed in separately filed motions pursuant to Federal Rule of Civil Procedure 54(d) and Local Rules 54.1 and 54.3

## VII. Conclusion

Based on the foregoing, Plaintiff respectfully requests this Court enter an order awarding Plaintiff back pay in the amount of $45,215.00, interest in the amount of $5,599.23 and front pay in the amount of $40,910.49 for a total of $91,724.72 in equitable remedies following the November 21, 2011 verdict against Defendant. Plaintiff also respectfully requests attorneys' fees as determined by Federal Rule of Civil Procedure 54(d)(2) and Local Rule 54.3 and costs as determined by Federal Rule of Civil Procedure 54(d)(1) and Local Rule 54.1.

Dated: December 12, 2011　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　By:　*/s/Jill Weinstein*

PEDERSEN & WEINSTEIN LLP
55 E. Jackson Blvd., Suite 510
Chicago, Illinois 60604
(312) 322-0710
(312) 322-0717 (facsimile)

## CERTIFICATE OF SERVICE

       I hereby certify that on December 12, 2011 a copy of the foregoing *Plaintiff's Motion for Entry of Judgment Including Prejudgment Interest, Reinstatement or Front Pay, and Attorneys' Fees and Costs* was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic case filing system. Parties may access this filing through the Court's system.

Ms. Kristine Phillips
O'Hagan Spencer, LLC
One E. Wacker, Suite 3400
Chicago, IL l 60601
kphillips@ohaganspencer.com


                                      */s/Jill Weinstein*
                                      Jill Weinstein



Erika Pedersen
Jill Weinstein
**PEDERSEN & WEINSTEIN LLP**
55 E. Jackson, Suite 510
Chicago, IL  60604
(312) 322-0710
(312) 322-0717 (facsimile)